### Frank Hoblit, Plaintiff in Error, v. Thomas J. Howser, Defendant in Error.

1. APPEALS AND ERRORS—*when appellate court competent to pass on evidence.* The appellate court is as competent to pass on the evidence as the trial court where the trial court did not hear the witnesses testify and where the evidence was taken and reported by a master and findings made thereon by the court.

2. EVIDENCE—*when secondary evidence of letters admissible.* Secondary evidence of the contents of letters is admissible where the preliminary proof shows that the writer either destroyed or mislaid them after the transaction was closed and that he is unable to find them and has no knowledge of their existence or whereabouts.

Bill to foreclose mortgage on land. Error to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

C. EVERETT SMITH, for plaintiff in error.

HUMPHREY & ANDERSON, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On the 7th day of May, 1904, one W. C. Watkins, and Eliza A. Watkins, his wife, borrowed from T. J. Howser, the defendant in error, five hundred and fifty dollars, and as evidence of this indebtedness made their note of that date, payable three years after date; to secure this note Watkins and his wife executed and delivered to Howser a mortgage upon part of lot 3, block 42, original town of Atlanta, Logan county, Illinois. Watkins was indebted to the First National Bank of Lincoln of which Frank Hoblit was cashier in order to secure the indebtedness due the bank from Watkins, Hoblit entered into correspondence with Watkins, who had moved to the state of California, and obtained from Watkins a deed to the premises which Watkins and his wife had mortgaged to Howser, this deed was dated August 30, 1904, and was duly recorded in Logan county. After the deed from Watkins and wife to Hoblit was placed upon record, Howser, in October, 1904, placed his mortgage of record, the mortgage was not recorded until after the deed from Watkins and wife to Hoblit. About one year after the making of the deed from Watkins and wife to Hoblit, Howser filed the bill in this cause to foreclose his mortgage.

The bill of foreclosure alleges that at the time Hoblit took the conveyance of this property from Watkins and wife he knew of the mortgage from Watkins and wife to Howser, and had actual knowledge of the existence of this mortgage and the amount thereof. Hoblit in his answer denies all knowledge of the existence or execution of the mortgage from Watkins and wife to Howser, and insists that he took the title to this lot in fee simple, free of all encumbrances whatsoever. The Master in Chancery to whom this cause of action was originally referred died during his term of office, the taking of evidence was completed by his successor;

no finding was made of facts or law by the Master, but the evidence taken was reported to the court. In passing upon this evidence, the trial court found the issues in favor of the complainant and entered a decree foreclosing the mortgage as prayed; to reverse that decree Hoblit prosecutes this appeal.

There is no question of law involved in this cause, the appellant Hoblit conceding that if the conveyance of this property by Watkins and wife to him was made with actual knowledge to him of the existence of this mortgage and the indebtedness secured thereby, then complainant is entitled to a foreclosure; but appellant Hoblit insists that he had no knowledge whatever of this indebtedness or the existence of this mortgage to Howser, that he took the title to the property as cashier of the bank in good faith and for valuable consideration, and that his title is not subject to the mortgage. It is also insisted by appellant Frank Hoblit that the finding of the trial court in this case should not have the binding effect of a verdict of the jury because the Master in Chancery heard this evidence at various times and saw the witnesses when upon the stand, the trial court did not hear the witnesses testify and therefore this court is as competent and capable of passing on the testimony as was the trial court. The only question at issue in this case being one of fact and that is whether, or not the appellant Hoblit had either actual or constructive notice, such as would have put him upon inquiry, of this mortgage, and if he had then that he is bound thereby. Watkins testified that the entire transaction between Hoblit and himself was carried on by correspondence, that in the letters written by Watkins to Hoblit he notified Hoblit of the existence of this indebtedness to Howser and notified him that this mortgage was made to secure that indebtedness and that it was a lien upon these premises. Hoblit does not deny the carrying on of these negotiations by correspondence, but denies that any such notice

was given him by Watkins. The deposition of Watkins was taken in California and read in the trial, and in that deposition the contents, or substance of the contents, of the letters which passed between Watkins and Hoblit was testified to by Watkins; and it is insisted by appellant that no sufficient foundation was laid for the introduction of this testimony on the part of Watkins. The record discloses, however, that Watkins had either destroyed or had mislaid all of these letters, that he never had any supposition or knowledge that they would ever be of any value or that there would ever be any necessity for their use, and that they were destroyed in the natural course of business after the transaction was closed, that he had made diligent search in the places where such letters were usually kept or would usually be found, that he has no knowledge of the existence or whereabouts of the letters now, and that he is unable to find or produce them. This preliminary proof made by complainant was sufficient to authorize the admission of secondary evidence of the contents of these letters, and the court did not err in admitting it. We are also satisfied that the Chancellor properly found upon this record that Frank Hoblit had due and actual notice of the existence of this mortgage prior to the time that he accepted or received the conveyance of these premises, and that whatever rights said Frank Hoblit has in and to said premises are subject and subservient to the rights of the complainant Howser, and that complainant is entitled to the foreclosure of this mortgage.

From a careful examination of this entire record, we are satisfied that the trial court committed no error therein which was prejudicial to the appellant, and the decree of the court below will be affirmed.

*Decree affirmed.*